UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANK COLOTTO,

                                  Plaintiff,

        v.

C/O SAMI, et al.,

                                  Defendants.

Case No.  2:25-cv-00460-CDS-BNW

ORDER

On December 30, 2025, the Court issued an order screening Plaintiff's complaint and referring this case to the Court's Inmate Early Mediation Program.  (ECF No. 6).  The Court issued a subsequent order setting a mediation conference on April 10, 2026, and setting a deadline for the parties to submit mediation statements.  (ECF No. 9).  Plaintiff has filed a motion requesting that the Court appoint him counsel, delay mediation while he seeks counsel, or provide him instructions on how to write a mediation statement. (ECF No. 10).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Id*.  "Neither of these considerations is dispositive and instead must be viewed together."  *Id*.

In his motion, Plaintiff states that he is not well versed in the law, and he does not fully understand what he is supposed to do or how to do it.  (ECF No. 10).  However, this is not an exceptional circumstance for pro se litigants.  Very few people who bring claims

1

pro se are well versed in the law or fully understand the process. The Court cannot appoint counsel for every person who is not well versed in the law. Because Plaintiff has not established exceptional circumstances warranting the appointment of counsel, the Court denies Plaintiff's request for appointment of counsel without prejudice.

As for Plaintiff's request that the Court delay mediation while he seeks an attorney, the Court notes that Plaintiff does not need an attorney for mediation. To the contrary, the purpose of the Court's Inmate Mediation Program is to allow unrepresented inmates to get a better sense of their case and the legal process, and to provide both parties an opportunity to discuss settlement before the case moves forward. If Plaintiff was represented by an attorney, then his attorney could negotiate a settlement with the Defendants at any time without the need for the Court's Inmate Mediation Program. Plaintiff is free to continue searching for an attorney, and if he finds an attorney, his attorney is free to discuss settlement with the Defendants at any time. However, the Court will not delay the mediation conference while Plaintiff seeks an attorney.

Finally, as for Plaintiff's request that the Court send him instructions on how to write a mediation statement, the Court notes that its previous order setting a mediation date provides an explanation of the mediation process and explains what should be included in a mediation statement. (ECF No. 9). The Court cannot provide Plaintiff legal advice or specific guidance about his case and his claims. However, the Court reiterates for Plaintiff's benefit that the Inmate Early Mediation Program is an informal process that is specifically designed for unrepresented inmates. There is no expectation that Plaintiff will have the expertise of a trained attorney. Plaintiff should review the Court's previous order setting a mediation date and do his best to provide the information outlined in that order.

**IT IS THEREFORE ORDERED** that:

1.      The Clerk of the Court is directed to send Plaintiff a courtesy copy of the Court's previous order explaining the mediation process (ECF No. 9).

2

2.    Plaintiff's request that the Court appoint him counsel (ECF No. 10) is **DENIED** without prejudice.

3.    Plaintiff's alternative requests that the Court delay the mediation conference or provide him instructions on how to write his mediation statement (ECF No. 10) are **DENIED**.

DATED: March 12, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

3